# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DIANE BUTTE,

    Plaintiff,

v.

STONEBRIDGE LIFE INSURANCE COMPANY, *et al*.,

    Defendants.

Case No. 2:10-CV-00344-KJD-RJJ

**ORDER**

    Before the Court is Defendant Stonebridge Life Insurance Company's Motion for Summary Judgment (#25). Plaintiff filed an opposition (#29) and a Counter-Motion for Partial Summary Judgment (#30). Stonebridge filed a reply (#34) to the opposition and an opposition to the Counter-Motion (#36), and Plaintiff filed a reply (#39).

I. Background

    Robert D. Butte, Jr. died of methadone intoxication on June 20, 2004. Mr. Butte was the named insured under a $30,000 Accidental Death and Dismemberment Policy (the "Policy") issued by Stonebridge. Plaintiff is Mr. Butte's surviving spouse. On June 4, 2008, Plaintiff submitted a "proof of Accidental Death – Affidavit of Claimant" and Mr. Butte's death certificate to Stonebridge to initiate a claim under the policy. On June 12, 2008 Stonebridge responded to Plaintiff by letter,

indicating several problems with the claim.  Stonebridge's representative noted that Plaintiff failed to complete forms required for the release of medical records, that Exclusion 3 of the Policy prohibits benefits where the injury occurs while taking a narcotic "unless used as prescribed by a physician," and that Exclusion 7 prohibits payment of benefits where the injury is due to disease or treatment of a medical condition.  Finally, Stonebridge told Plaintiff that the Proof of Loss provision generally requires the beneficiary to provide notification within 30 days and proof of the loss within 90 days and in all cases requires proof of loss within one year unless there is an "absence of legal capacity."

Stonebridge asked Plaintiff to provide additional information, including contact information for the physician who prescribed Mr. Butte's methadone, autopsy, toxicology, and coroner's reports, and information on whether Mr. Butte had taken the methadone as prescribed.  Stonebridge also asked for "documentation evidencing the absence of legal capacity."  Plaintiff provided the contact information of the treating physician, J. Corey Brown M.D. ("Dr. Brown") and noted that Dr. Brown had been treating Mr. Butte for "severe back pain."

Plaintiff also addressed the "Proof of Loss" issue by stating that she delayed notifying Stonebridge because she "did not know that my husband had this policy."  Plaintiff realized that this policy existed when she cancelled one of her own credit cards and the company informed her the existence of a similar policy.

Stonebridge continued to investigate the claim and obtained records from the Clark County Coroner's office.  However, Stonebridge was unable to obtain records from Dr. Brown.  Stonebridge was informed that Dr. Brown's office could not locate Mr. Butte's chart.  Dr. Brown's assistant told Stonebridge that Dr. Brown did not recall prescribing methadone to Mr Butte.

Stonebridge denied the claim on December 5, 2008 based on the narcotic drug use and the medical exclusions of the Policy.  Plaintiff retained counsel who was able to locate medical records from Dr. Brown. Some of these records indicate a methadone prescription, but none of them contain dosage information.  Stonebridge reviewed the information and declined to change its coverage determination.

II. Discussion

    A. Legal Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See, Fed. R. Civ. P. 56(a); see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See, Celotex, 477 U.S. at 323.

The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

    B. Admissibility of Insurance Policy

Generally, unauthenticated documents cannot be considered in a motion for summary judgment. However, "the requirement that documents be authenticated through personal knowledge when submitted in a summary judgment motion 'is limited to situations where exhibits are introduced by being attached to an affidavit' of a person whose personal knowledge is essential to establish the document is what it purports to be—that it is authentic." Las Vegas Sands, LLC v. Nehme, 632 F.3d 526, 533 (9th Cir. 2011) (quoting Orr v. Bank of Am., NT & SA, 285 F.3d 764, 773 (9th Cir.2002)). Under Rule 901(b)(4), "documents ... could be authenticated by review of their contents if they appear to be sufficiently genuine." Orr, 285 F.3d at 778 n. 24.

Plaintiff argues that the Policy attached to the Motion for Summary Judgment is not authenticated and thus cannot be considered. Defendant has not provided a declaration

authenticating the document. Furthermore the Policy is referenced in Plaintiff's complaint and is the basis of the allegations against Defendant. Accordingly, lack of authentication is not a reason to exclude the Policy from consideration in resolving this Motion for Summary Judgment.

### C. Receipt of the Policy

The policy at issue here appears to be a franchise policy governed by Nevada Revised Statute 689A. See Hummel v. Continental Cas. Ins. Co., 254 F.Supp.2d 1183, 1187 (D.Nev. 2003) (holding that similar policy offered to account holders of bank was a franchise policy). NRS 689A.170 requires insurers to deliver a copy of the policy to the insured for inspection and NRS 689A.400 requires insurers to deliver a copy of a state-approved disclosure indicating, *inter alia*, exclusions to the policy. Several courts have held that an insurer could not enforce an exclusion in an insurance policy when the insurer failed to comply with a statutory requirement of delivery of the policy to the insured at the time the policy is issued. See General Motors Acceptance Corp. v. Martinez, 668 P.2d 498, 501 (Utah 1983) (prohibiting an insurance company from "accept[ing] "premiums and then den[ing] liability on the ground of an exclusion of which the insured was not aware because the insurance company had never informed him of the exclusion..."); Robinson v. Volunteer State Life Ins. Co., 175 Ga.App. 292, 333 S.E.2d 171 (1985) (insurer cannot enforce exclusion of coverage for disability caused by a pre-existing condition); Investor's Nat'l Life Ins. Co. v. Norsworthy, 160 Ga.App. 340, 287 S.E.2d 66 (1981) (same); Gardner v. League Life Ins. Co., 48 Mich.App. 574, 210 N.W.2d 897, 898 (1973) (similar; otherwise, insurer could engage in improper "post-claim underwriting"). Nevada courts have not specifically addressed this issue. However, the Court believes that Nevada would prohibit insurers from applying exclusions of which the insured had no notice.[1]

---

[1] In the absence of state law on point, "th[e] court must predict how the Nevada Supreme Court would decide this issue 'using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.'" Great Am. Ins. Co. v. N. Am. Specialty Ins. Co., 542 F.Supp.2d 1203, 1211 (D.Nev.2008) (quoting Arizona Elec. Power Co-op v. Berkeley, 59 F.3d 988, 991 (9th Cir.1995)).

4

Plaintiff claims that she and her husband never received copies of the Policy indicating the exclusions and notice requirements.  Defendant has submitted a declaration by Stonebridge Employee Ben Bennet who is currently the New Business Telemarketing and Fulfillment Manager.  Mr. Bennet states the current practice of Stonebridge with regard to "telephone sales" is to deliver the policies to the insured, create a record of policies that are returned by the postal service, and obtain correct address information for re-mailing.  Further, Mr. Bennet states that the file relating to Mr. Butte's policy does not indicate that it was returned by the postal service.  However, Mr. Bennet does not state that the practice he describes was in place at Stonebridge in 2001 when Mr. Butte obtained the Policy.  Mr. Bennet's description is for telephone sales.  Mr. Butte's Policy was fulfilled by mail through a credit card offer.  Mr. Bennet does not specify the practice used for policies originated in this way.  In opposition, Plaintiff has submitted an affidavit stating that it was her practice throughout her 25-year marriage to Mr. Butte, including in 2001, to open all incoming mail, respond to letters, and keep any important documents that arrived by mail.  Plaintiff attests that on occasions when her husband did open a letter, he would leave its contents for her to respond to and keep.

There is a dispute of fact about whether the Policy was delivered to Mr. Butte.  This fact is material because Defendant cannot seek to apply the exclusions of the Policy without showing that the Policy was delivered to Mr. Butte.  Summary judgment cannot be granted when a material fact is in dispute.  Accordingly, Defendant's Motion for Summary Judgment is denied.

### D. Claim for Bad Faith and Punitive Damages

When there is a genuine dispute regarding an insurer's legal obligations, the district court can determine if the insurer's actions were reasonable. Allstate Ins. Co. v. Miller, 125 Nev. 300, 317 (Nev. 2009).  Insurers are not liable for bad faith for "being incorrect about policy coverage as long as the insurer had a reasonable basis to take the position that it did." Pioneer Chlor Alkali Co., Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pennsylvania, 863 F.Supp. 1237, 1242 (D.Nev. 1994).

Further, to recover punitive damages, plaintiff must also show evidence of "oppression, fraud, or malice, express or implied." <u>United Fire Ins. Co. v. McClelland</u> 105 Nev. 504, 512, 780 P.2d 193, 198 (Nev. 1989) (citing NRS 42.010 and quoting <u>United States Fidelity v. Peterson</u>, 91 Nev. 617, 620, 540 P.2d 1070, 1072 (1975)).  Oppression is "a conscious disregard for the rights of others which constitute[s] an act of subjecting plaintiffs to cruel and unjust hardship. <u>Ainsworth v. Combined Ins. Co. of America</u>, 104 Nev. 587, 591, 763 P.2d 673, 675 (Nev. 1988) (quotations omitted).

Stonebridge argues that it has proffered adequate explanations for its denial of coverage based on the exclusions, lack of medical records, and the delay in notification and proof of loss. Plaintiff has provided no evidence showing a dispute of fact about whether Stonebridge lacked a reasonable basis for denying the claim.  Stonebridge's denial of the claim did not constitute bad faith since Stonebridge had a reasonable basis for denying the claim.  Accordingly, the summary judgment is granted in favor of Stonebridge on the cause of action for bad faith and the claim for punitive damages.

<u>III. Counter-Motion for Summary Judgment</u>

The deadline for filing dispositive motions in this case was July 11, 2011 (#19). Plaintiff's Counter-Motion for Summary Judgment was filed on August 18, 2011.  Further, Plaintiff failed to comply with Local Rule 56-1 which requires that motions for summary judgment contain "a concise statement setting forth each fact material to the disposition of the motion wich the paty claims is or is not genuinely in issue..."  Plaintiff's untimely motion seeks summary judgment on the issue of whether Stonebridge was prejudiced by Plaintiff's dely in providing poof of loss under the Policy. The fact of whether prejudice occurred is disputed by the parties. Accordingly, Plaintiff's Counter-Motion for Summary Judgment is denied.

IV. Conclusion

**IT IS HEREBY ORDERED THAT** Defendant Stonebridge Life Insurance Company's Motion for Summary Judgment (#25) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Plaintiff's Counter-Motion for Partial Summary Judgement (#30) is **DENIED**.

DATED this 30th day of March 2012.

_____
Kent J. Dawson
United States District Judge